UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| DONALD E. BEARD, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 11-CV-3360 |
| ) | |
| DR. OBAISI, MICHELLE MILLARD, ) | |
| TOM ACKMAN, ALEX DAWSON, ) | |
| GINA ALLEN, S.A. GODINEZ, ) | |
| ) | |
| Defendants. ) | |

## OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiff, proceeding *pro se* and currently incarcerated in Logan Correctional Center, pursues claims arising from the failure to treat alleged painful bone spurs in Plaintiff's left ankle. The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A.

## LEGAL STANDARD

The Court is required by § 1915A to review a Complaint filed by a prisoner against a governmental entity or officer and, through such process, to identify cognizable claims, dismissing any claim that is "frivolous, malicious, or fails to state a claim upon which relief may be granted." A hearing is held if necessary to

1

assist the Court in this review, but, in this case, the Court concludes that no hearing is necessary. The Complaint and its attachments are clear enough on their own for this Court to perform its merit review of Plaintiff's Complaint.

The review standard under § 1915A is the same as the notice pleading standard under Federal Rule of Civil Procedure 12(b)(6). Zimmerman v. Tribble, 226 F.3d 568, 571 (7th Cir. 2000). To state a claim, the allegations must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Factual allegations must give enough detail to give "'fair notice of what the . . . claim is and the grounds upon which it rests.'" EEOC v. Concentra Health Serv., Inc., 496 F.3d 773, 776 (7th Cir. 2007), *quoting* Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)(add'l citation omitted). The factual "allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level.'" Id., *quoting* Bell Atlantic, 550 U.S. at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged . . . . Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009), *citing* Bell Atlantic, 550 U.S. at 555-56. However, *pro se* pleadings are liberally construed when applying this

standard. Bridges v. Gilbert, 557 F.3d 541, 546 (7th Cir. 2009).

## ALLEGATIONS

Around December, 2010, Plaintiff began experiencing severe, sharp, and chronic pain in his left ankle, which he believed was caused in part by an injury he suffered years before his incarceration. Defendant Dr. Obaisi ordered an x-ray, which showed:

> There is a prominent hypertrophic spurring along the insertion site of the Achilles tendon and the calcaneus with adjacent soft tissue or tendon calcifications. There is hypertrophic spurring along the plantar aspect of the calcaneus. There is hypertrophic spurring along the base of the tibia. There is no acute bony abnormality.

(d/e 1-1, p. 4).

Plaintiff alleges that Dr. Obaisi has intentionally ignored the x-ray and misdiagnosed him with "chronic tendonitis and post-fracture traumatic arthritis," offering only pain medicine like Naprosyn, which does little to ease the pain and nothing to fix the underlying problem. Plaintiff alleges that surgery is necessary to remove the spurs. He seeks an order directing surgery and compensatory damages.

## ANALYSIS

Deliberate indifference to a serious medical need violates a prisoner's right under the Eighth Amendment to be free from cruel and unusual punishment.

Hayes v. Snyder, 546 F.3d 516, 522 (7th Cir. 2008). The medical need must be objectively serious, meaning "'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" Id., *quoting* Greeno v. Daley, 414 F.3d 645, 653 (7th Cir. 2005). An objectively serious need also presents itself if "'failure to treat [the condition] could result in further significant injury or unnecessary and wanton infliction of pain.'" Reed v. McBride, 178 F.3d 849, 852 (7th Cir. 1999)(quoted cite omitted); Roe v. Elyea, 631 F.3d 843, 857 (7th Cir. 2011)("The Eighth Amendment safeguards the prisoner against a lack of medical care that 'may result in pain and suffering which no one suggests would serve any penological purpose.'") (quoted cite omitted). Deliberate indifference does not encompass negligence or even gross negligence. McGowan v. Hulick, 612 F.3d 636, 640 (7th Cir. 2010). Deliberate indifference requires personal knowledge of an inmate's serious medical need and an intentional or reckless disregard of that need. Id.; Hayes, 546 F.3d at 524.

    The Court concludes that Plaintiff states an arguable Eighth Amendment claim against Dr. Obaisi for deliberate indifference to Plaintiff's serious medical needs. A serious medical need may be inferred from Plaintiff's own description of his pain and difficulty functioning.

An inference of deliberate indifference arguably arises against Dr. Obaisi, who allegedly refuses to provide effective treatment. Greeno v. Daley, 414 F.3d 645, 655 (7th Cir. 2005)(doctor's persistence in prescribing ineffective treatment that prolonged pain and suffering violated Eighth Amendment). The facts may ultimately show that surgery is not warranted for Plaintiff's condition, but that determination would be premature. A reasonable inference of deliberate indifference also arises against the director of nursing (Michelle Millard) and the clinical services supervisor (Rod Boyd), who both allegedly conspired with Dr. Obaisi to misrepresent Plaintiff's condition and its proper treatment.

However, no inference of deliberate indifference arises against the rest of the defendants. Defendants without medical training are generally entitled to, and must, rely on the medical professionals to diagnose and treat an inmate's medical conditions. Greeno v. Daley, 414 F.3d 645, 656 (7th Cir. 2005)("'If a prisoner is under the care of medical experts... a nonmedical prison official will generally be justified in believing that the prisoner is in capable hands.'")(quoted cite omitted). The grievance officer, warden, administrative review board member, and IDOC Director are all laypersons entitled to rely on Dr. Obaisi's expertise.

Additionally, Plaintiff seems to seek to pursue a negligence action, which is a state law claim. This Court could take supplemental jurisdiction of this claim,

5

but Plaintiff has not attached the required affidavit and physician's report to support the claim's merit. 735 ILCS 5/2-622(a)(1). Accordingly, the case will proceed at this time only on the Eighth Amendment claim. If Plaintiff obtains the necessary documents, he may file a motion to amend to add a malpractice claim against Dr. Obaisi.

IT IS THEREFORE ORDERED:

1. Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff states an Eighth Amendment claim for deliberate indifference against Defendants Dr. Obaisi, Millard and Boyd. Any other claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2. Defendants Ackman, Dawson, Godinez, and Allen are dismissed for failure to state a claim against them.

3. This case is referred to the Magistrate Judge for entry of a Scheduling Order directing service and setting a Rule 16 conference date. A copy of this Opinion shall be served with the Complaint and Scheduling Order.

4. Defendants shall file an <u>answer</u> within the time prescribed by Local Rule. A motion to dismiss is not an answer. The answer should include all defenses

appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Opinion.

5.  The merit review hearing scheduled for October 31, 2011, is cancelled as unnecessary. The clerk is directed to vacate the video writ and to notify Plaintiff of the cancellation.

ENTERED: October 27, 2011

FOR THE COURT:

s/Sue E. Myerscough
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE