UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| DONALD E. BEARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 11-CV-3360 |
| | ) | |
| DR. OBAISI, | ) | |
| | ) | |
| Defendants. | ) | |

OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiff, proceeding pro se and incarcerated in Logan Correctional Center, alleges deliberate indifference to his need for effective treatment for bone spurs in his ankle. Discovery closed at the end of July, 2012, with the exception of information sought in Plaintiff's pending motions to compel. This order addresses those motions to compel and Plaintiff's motion to amend his complaint and motion for financial assistance to hire an expert. For the reasons below, the motions to compel will be granted in part. The motion to amend and motion for financial assistance will be denied.

**I.    Plaintiff's motion to amend his complaint is denied (d/e 41).**

Plaintiff seeks to add Dr. Mark Baker as a Defendant, who allegedly works

at the corporate headquarters of Wexford Health Sources, Inc., in Pittsburgh. According to Plaintiff's medical records, Dr. Obaisi spoke with Dr. Baker in March, 2012, in a collegial review of Plaintiff's ankle problem. (Pl.'s medical recs., 3/1/12 entry, d/e 41, p. 12.) The record apparently says that Dr. Baker advised Dr. Shah to continue conservative treatment and try physical therapy. In support of his motion for summary judgment, Dr. Obaisi avers in his affidavit that the other physicians he conferred with in the collegial review agreed with Dr. Obaisi's diagnosis and treatment approach. (Dr. Obaisi Aff. ¶ 23.)

Plaintiff contends that Dr. Baker should have intervened to stop Dr. Obaisi's deliberate indifference and directed Dr. Shah to conduct diagnostic tests and recommend surgery. But Dr. Baker cannot be held liable for Dr. Obaisi's constitutional violations solely because Dr. Baker is allegedly Dr. Obaisi's supervisor. Kuhn v. Goodlaw, 678 F.3d. 552, 555 (7th Cir. 2012)("§ 1983 liability is premised on the wrongdoer's personal responsibility"); Chavez v. Illinois State Police, 251 F.3d 612, 651 (7th Cir. 2001)(no respondeat superior liability under § 1983). Supervisors are liable only if they, too, were personally responsible, meaning they participated in, directed, condoned, or turned a blind eye to the constitutional violation. Matthews v. City of East St. Louis, 675 F.3d 703, 708 (7th Cir. 2012)("To show personal involvement, the supervisor must 'know about the

conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see.'")(quoted cite omitted).  Dr. Baker's participation in a collegial review and agreement with Dr. Obaisi's conservative approach does not allow a plausible inference that Dr. Baker is personally responsible for Dr. Shah's treatment decisions or was deliberately indifferent to Plaintiff's medical problems.  Therefore, Plaintiff's motion to amend will be denied on grounds of futility.  Arreola v. Godinez, 546 F.3d 788, 796 (7th Cir.2008)("[D]istrict courts have broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile.").

**II.    Plaintiff's motions to compel against Dr. Obaisi are granted in part (d/e's 52, 55, 60, 69).**

Plaintiff moves to compel Dr. Obaisi to answer questions about prior settlements, charges, and sanctions against him.  Specifically, Plaintiff wants to know about any settlements in civil actions; charges brought by the American Medical Association; job terminations; investigations or prosecutions by the Attorney General's Office; facilities that have banned Dr. Obaisi; convictions; reprimands; sanctions; and fines against Dr. Obaisi.  He alleges that Dr. Obaisi has been relieved of his positions at other prisons due to a lack of reasonable care of the inmates and was removed as Chief Medical Officer at Logan Correctional

3:11-cv-03360-CSB    # 75    Page 4 of 9

Center in August 2012. Plaintiff also wants to know if Dr. Obaisi has been treated for depression, has had psychotherapy, or has taken psychotropic medications.

Dr. Obaisi objects on grounds of relevance and admissibility. Plaintiff counters that this information is relevant and admissible to show Dr. Obaisi is incompetent, insensitive, lacking in credibility, and has a habit of deliberate indifference. Plaintiff argues that specific instances of misconduct by Dr. Obaisi against other patients would be admissible under Fed. R. Evid. 405(b) which applies if a "person's character or character trait" is an "essential element" of a claim. Plaintiff also contends that Dr. Obaisi's mistreatment of other patients would be admissible as habit evidence under Fed. R. Civ. P. 406.

Dr. Obaisi's alleged mistreatment of other patients with other conditions would not be admissible to prove Dr. Obaisi acted in conformance with a character trait of deliberate indifference. See Fed. R. Evid. 404(b)(a)("Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."). Additionally, Dr. Obaisi's character is not an "essential element" of Plaintiff's claim under Fed. Rule of Evidence 405(b). The essential element in this case is whether Dr. Obaisi was deliberately indifferent to Plaintiff's serious medical need. Deliberate indifference arises "'if the decision by the professional is such a

substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment.'" Roe v. Elyea, 631 F.3d 843, 857 (7th Cir. 2011)(*quoting* Sain v. Wood, 512 F.3d 886, 894-95 (7th Cir. 2009). "A medical professional is entitled to deference in treatment decisions unless no minimally competent professional would have so responded under those circumstances." Sain, 512 F.3d at 894-95.

However, evidence of prior wrongs is admissible to prove a material fact besides character, such as motive or intent. Fed. R. Evid. 404(b)(2); *see* Okai v. Verfuth, 275 F.3d 606, 610 (7th Cir. 2001)(setting forth test for whether prior bad acts are admissible). Dr. Obaisi's motive and intent could be relevant to the deliberate indifference inquiry. Additionally, whether Dr. Obaisi is competent to practice medicine could also be relevant to the deliberate indifference inquiry, and prior criminal convictions might be admissible to attack Dr. Obaisi's credibility. While Plaintiff's requests as worded are too broadly, the Court cannot conclude with confidence that Plaintiff's requests are entirely irrelevant.

Plaintiff's motion to compel will be allowed to the extent he asks about fines, sanctions, reprimands, or other disciplinary action against Dr. Obaisi. The motion to compel will also be granted with regard to prior criminal convictions, criminal charges, or the revocation of hospital privileges. However, Dr. Obaisi's

entire 40-year career as a physician is too large of a time frame. *See* Okai, 275 F.3d at 210 (prior bad act "must be of recent vintage"). The time frame will be limited from January 1, 2002 to the present.

The Court is cognizant of the potential security danger of disclosing sensitive or embarrassing information about prison employees to prisoners. The possibility exists that the information could be sought and used by a prisoner pro se plaintiff for improper purposes of harassment, humiliation, or manipulation of the prison employee. Accordingly, the information will be filed under seal for the Court's in camera review.

The remainder of Plaintiff's motion to compel will be denied. Prior settlements and insurance premiums are not relevant to whether Dr. Obaisi was deliberately indifferent to Plaintiff's medical needs. Settlements typically involve no admission of liability and are motivated by a desire to reduce financial costs and exposure. The Court notes for Plaintiff's benefit that Dr. Obaisi was not a defendant in Roe v. Elyea, as Plaintiff contends. Further, as of this date, no judgment has been entered against Dr. Obaisi in any of the cases against him in the Central District of Illinois, according to this Court's search. In any event, the Court would not allow the admission of prior judgments against Dr. Obaisi because any marginally probative value would be substantially outweighed by the danger of

confusion, waste of time, and undue delay. Fed. R. Civ. P. 403.  For the same reasons the Court would not allow the admission of prior judgments in *favor* of Dr. Obaisi to show Dr. Obaisi's *lack* of deliberate indifference.

As to Plaintiff's other requests, whether Dr. Obaisi was discharged from the service is not relevant, nor is whether Dr. Obaisi has ever been depressed, on psychotropic medications, or undergone psychotherapy.  These requests amount to a fishing expedition for red herrings.  Lastly, Dr. Obaisi has already disclosed that his license has never been suspended or revoked so that information will not be compelled.  The Court notes that the website for the Illinois Department of Financial and Professional Regulation lists Dr. Obaisi's physician's license as current and active and also states that Dr. Obaisi has never been disciplined. www.idfpr.com (last visited 10/17/12).

### III. Plaintiff's motion for financial assistance to obtain expert testimony (d/e 55)

Plaintiff asks the Court for financial assistance to obtain the testimony of four experts.  The Court is not authorized to pay for experts to support Plaintiff's case. Federal Rule of Evidence 706 permits the Court to appoint an expert if necessary to help the Court or jury understand a material fact, and payment for that expert comes from the parties, not the Court.  A Rule 706 expert is neutral and is appointed only when necessary to assist the Court or the jury, not to help a party

prove his case. See In re High Fructose Corn Syrup Antitrust Litigation, 295 F.3d 651, 665 (7th Cir. 2002). On the present record, the Court sees no need for the appointment of an expert to assist the jury or the Court to "understand the evidence or decide a fact in issue, . . . ." Fed. R. Evid. 702(a); Ledford v. Sullivan, 105 F.3d 354, 359 (7th Cir. 1997)(expert not necessary to determine whether defendants were deliberately indifferent).

In this motion Plaintiff also appears to ask the Court to subpoena witnesses to testify, but the Court cannot conduct depositions for Plaintiff. Plaintiff's incarceration necessarily limits him to written discovery.

IT IS THEREFORE ORDERED:

1) Plaintiff's motion to amend is denied (d/e 41).

2) Plaintiff's motions to compel against Dr. Obaisi are granted in part and denied in part (d/e's 52, 55, 60, 69). By November 5, 2012, Dr. Obaisi is directed to file under seal for the Court's in camera review a list of any fines, sanctions, reprimands, discipline, or revocation of hospital privileges from the time period January 1, 2002 to October 1, 2012, arising from or relating to Dr. Obaisi's practice of medicine. Relevant documentation and explanations regarding that list should also be filed. Also by November 5, 2012, Dr. Obaisi is directed to file under seal a list of any criminal convictions against Dr. Obaisi or criminal charges

filed against Dr. Obaisi which occurred after October 1, 2002.

    3) Plaintiff's motion for financial assistance to obtain expert testimony in support of his case is denied (d/e 55).

    4) Plaintiff is advised that he must file his documents electronically. If Plaintiff continues to file his documents by mail, the Court may enter an order directing the clerks to return those documents to him unfiled.

ENTERED: October 25, 2012

FOR THE COURT:

                              s/Sue E. Myerscough
                              SUE E. MYERSCOUGH
                        UNITED STATES DISTRICT JUDGE