IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| DONALD E. BEARD, JR.,<br><br>    Plaintiff,<br><br>v.<br><br>DR. OBAISI, MICHELLE MILLARD,<br>and ROD BOYD,<br><br>    Defendants. | Law No. 11-cv-3360-CSB-DGB |

## RESPONSE AND OBJECTION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT

COMES NOW the Defendant, SALEH OBAISI, M.D., by and through his attorneys, HEYL, ROYSTER, VOELKER & ALLEN, and for his Response and Objection to the Plaintiff's Motion for Leave to File a First Amended Complaint, and the Plaintiff's Amended Motion for Leave to File a First Amended Complaint [D/N 198, 199], states as follows:

1.      On June 25, 2014, the Plaintiff, Donald Beard, by his attorney, Thomas J. Pliura, filed with this Court a motion to vacate the trial date and for leave to amend the complaint. [D/N 198]. Following a status conference, the Plaintiff then filed an amended motion for leave to file a first amended complaint, with an attached proposed first amended complaint. [D/N 199]. In this motion for leave to file, and proposed amended complaint, the Plaintiff is attempting to add a cause of action against Wexford Health Sources, Inc. [D/N 199–1]. For the reasons more fully stated below, leave should not be granted to the Plaintiff, as the Plaintiff's attempted amendment is futile.

2.      In Count IV of the Plaintiff's first proposed amended complaint, the Plaintiff adds an additional claim against Wexford Health Sources, Inc., alleging that, through acts of its employees and agents, Wexford was aware of the Plaintiff's need for medical treatment, and

acted with deliberate indifference in the decisions made by their employees or agents. [D/N 199–1, Count IV]. Although leave is traditionally to be freely given to amend the pleadings, the Plaintiff's attempt at a cause of action against Wexford Health Sources, based upon the knowledge or actions of "agents or employees", would be futile, and does not state a cause of action against Wexford Health Sources under 42 U.S.C. Section 1983, and as such, leave should not be given to the Plaintiff to amend his complaint.

3.   Under the Federal Rules of Civil Procedure, a party may amend a complaint "with the opposing party's written consent or the court's leave" which "should [be] freely [given] when justice so requires". Fed. R. Civ. Pro. 15(a)(1)-(2). The decision is left to the Court's discretion. *Pugh v. Tribune Co.*, 521 F.3d 686, 698 (7th Cir. 2008). However, a court may deny a motion to amend if the proposed amendment would be futile. *Soltys v. Costello*, 520 F.3d 737, 743 (7th Cir. 2008). For the Plaintiff, futility is measured by the capacity of the amendment to survive a motion to dismiss. *See, e.g., Crestview Village Apts. v. U.S. Department of Housing and Urban Development*, 383 F.3d 552, 558 (7th Cir. 2004). This means that a proposed amendment must allege "enough facts to state a claim to relief that is plausible on its face". *Bell Atlantic Corp. v. Twombly*, 50 U.S. 554 (2007).

4.   In this case, the Plaintiff's first amended complaint, and specifically, Count IV, against Wexford Health Sources, Inc., could not survive a motion to dismiss, and the amendment is futile, because the Plaintiff has failed to allege an appropriate cause of action against Wexford Health Sources, Inc. under 42 U.S.C. Section 1983.

5.   In the Plaintiff's proposed amended complaint, the Plaintiff alleges that the actions of Wexford Health Sources, Inc., were based upon the acts of "agents and employees". The Plaintiff's amended complaint contains no allegation of an impermissible or unconstitutional

policy or procedure of Wexford Health Sources, Inc. This is not an appropriate claim against Wexford Health Sources, Inc., under Section 1983.

6. Wexford Health Sources, Inc., cannot be liable simply because it employs medical staff at a given facility. *See, Jackson v. Illinois Medi–Care Inc.*, 303 F.3d 760, 766, n.6 (7th Cir. 2002) (private corporations acting under color of state law are treated as municipalities for purposes of 42 U.S.C. Section 1983); *Village of Forest Park v. Iskander*, 690 F.2d 126, 128 (7th Cir. 1982) (respondeat superior are not available under section 1983).

7. Liability attaches to Wexford only if Wexford had an unconstitutional policy or practice that caused the constitutional deprivation. *Monell v. New York City Department of Social Services*, 436 U.S. 658, 691–92 (1978); *Woodward v. Correctional Medical Services of Illinois, Inc.*, 368 F.3d 917 (7th Cir. 2004). Therefore, in order to survive a motion to dismiss, the Plaintiff must at least allege an impermissible policy or constitutionally forbidden rule of procedure of the company that was the moving force of the constitutional violation. *Forest Park*, 690 F.2d at 128.

8. In the Plaintiff's proposed amended complaint, there is no allegation of any impermissible or constitutionally forbidden rule or procedure of Wexford Health Sources, Inc. Moreover, there is no allegation that any unconstitutional or impermissible policy or procedure was the "moving force" behind any constitutional deprivation.

9. Instead, the Plaintiff's proposed amended complaint only alleges respondeat superior liability against Wexford Health Sources, Inc., based upon the actions of its "agents or employees". As the Court is aware, respondeat superior liability is not available under 42 U.S.C. Section 1983. *See Village of Forest Park*, 690 F.2d at 128.

10.     Therefore, the Plaintiff's proposed amended complaint, and the Plaintiff's attempt to add a cause of action against Wexford Health Sources, Inc., is futile, as it could not survive a motion to dismiss, because there was no allegation of an impermissible policy or procedure that would subject Wexford Health Sources, Inc., to liability under 42 U.S.C. Section 1983. Therefore, to the extent the Plaintiff seeks leave to amend the complaint to add a cause of action against Wexford, the Plaintiff should not be granted leave, due to the futile nature of the amendment.

WHEREFORE, the Defendant, SALEH OBAISI, respectfully requests that this Court deny the Plaintiff's Motion for Leave to Amend the Complaint, to the extent the Plaintiff attempts and seeks to add an additional cause of action against Wexford Health Sources, Inc.

Respectfully Submitted,

SALEH OBAISI, M.D., Defendant

s/ Douglass R. Bitner
IL ARDC #: 6305492
Heyl, Royster, Voelker & Allen
3731 Wabash Avenue
P. O. Box 9678
Springfield, IL  62791-9678
Phone: 217.522.8822, Ext. 212
Fax:    217.523.3902
Email: mkokal@heylroyster.com

**PROOF OF SERVICE**

I hereby certify that on July 3, 2014, I electronically filed the foregoing instrument, RESPONSE AND OBJECTION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT, with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Thomas J. Pliura - tom.pliura@zchart.com

Jennifer M. Lutzke – jlutzke@atg.state.il.us

and I hereby certify that I have mailed on July 3, 2014, by United States Postal Service the foregoing instrument, RESPONSE AND OBJECTION TO PLAINTIFF'S MOTION FOR

LEAVE TO FILE A FIRST AMENDED COMPLAINT, to the following non-CM/ECF participants:

    None

                                                s/ Douglass R. Bitner
                                                      Douglass R. Bitner

DRB/cs (02227-S9520)
25362155_1