IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| DONALD E. BEARD, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 11-CV-3360 |
| | ) |
| DR. SALEH OBAISI, | ) |
| MICHELLE MILLARD, | ) |
| ROD BOYD, and WEXFORD HEALTH | ) |
| SOURCES, INC. | ) |
| | ) |
| Defendants. | ) |

**PROPOSED
FIRST AMENDED COMPLAINT and
JURY DEMAND**

NOW COMES the Plaintiff, Donald E. Beard, Jr. by and through his attorney, Thomas J. Pliura, M.D., J.D., and complaining of Defendants Dr. Saleh Obaisi, Michelle Millard, Rid Body and Wexford Health Sources, Inc., respectfully states as follows:

**General Allegations**

**Parties**

1. At all times relevant hereto, Plaintiff was and is an inmate of the Illinois Department of Corrections (IDOC) first at the Logan Correctional Center and subsequently (and presently) at the Menard Correctional Center.

2. At all times relevant hereto, Defendant Obaisi was and is a physician licensed to practice medicine by the State of Illinois, an agent or employee of Co-Defendant Wexford, and was engaged in the practice of providing medical care services to inmates of the IDOC including the Plaintiff herein.

1

3. At all times relevant hereto, Defendant Millard was the director of nursing at Logan Correctional Center and involved in the clinical care of inmates, including Plaintiff, as well as the grievance resolution process for medical-related inmate grievances.

4. At all times relevant hereto Defendant Boyd was the clinical services supervisor at Logan Correctional Center and involved in the clinical care of inmates, including Plaintiff, as well as the grievance resolution process for medical-related inmate grievances.

5. Defendant Wexford Health Sources, Inc., is a Florida For-Profit Corporation authorized to do business in Illinois or otherwise doing business in Illinois, and engaged in the practice of providing contracted health care services to inmates of the IDOC.

**Venue**

6. Venue is proper under 28 U.S. Code 1391 (b)(1) as the district of residence, at the time this action was initially filed, of one or more defendants and under Section 1391 (b)(2) as the District in which a substantial part of the events or omissions giving rise to the claim occurred.

**Jurisdiction**

7. This Court has jurisdiction over Plaintiff's claims under 28 U.S.C. § 1331 and 1343 because they raise Federal Questions as to the deprivation of Plaintiff's rights under 42 U.S.C. § 1983 and under the Eight Amendment to the Constitution of the United States.

## Common Factual Allegations

8. On and before December 8, 2010, Plaintiff was an inmate of the Illinois Department of Corrections at the Logan Correctional Center in Lincoln, Illinois.

9. At that time, Plaintiff was experiencing severe, sharp, chronic and debilitating pain in his left foot and ankle related in part by an injury he suffered prior to his incarceration.

10. Due to his incarceration, Plaintiff sought medical care from the Logan Correctional Center infirmary and was seen by Defendant Obaisi.

11. Dr. Obaisi provided Plaintiff with certain medical treatment including examination and imaging x-rays of the lower extremity. Dr. Obaisi diagnosed the Plaintiff's condition as chronic tendonitis and post-fracture traumatic arthritis and he prescribed conservative treatment including pain medication.

12. The results of the x-rays ordered by Dr. Obaisi revealed, "..prominent hypertrophic spurring along the insertion site of the Achilles tendon and the calcaneus with adjacent soft tissue or tendon calcifications. There is hypertrophic spurring along the plantar aspect of the calcaneus. There is hypertrophic spurring along the base of the tibia…"

13. On or about January 28, 2011, having received no relief from the conservative treatment, Plaintiff filed a grievance requesting further medical intervention including surgery to remove the bone spurs identified in the x-ray report. Plaintiff's demand for surgery was denied.

14. In February 2011, Plaintiff again saw Dr. Obaisi, seeking relief from the chronic ankle pain and requesting a surgical referral. Dr. Obaisi refused the referral and instead continued the ineffectual conservative treatment.

15. On or about April 26, 2011, Plaintiff filed another grievance seeking further medical care, including a surgical referral for the treatment of his chronic ankle pain. On information and belief, Defendants Millard and Boyd, in their official capacities, reviewed Plaintiff's request and the relevant records and on June 15, 2011, denied the grievance and refused to permit a surgical referral or other treatment of Plaintiff's condition.

16. On July 20, 2011, Plaintiff again presented to Defendant Obaisi, seeking relief from his chronic ankle pain and a surgical referral. However, Dr. Obaisi again refused to make the surgical referral and continued the ineffectual conservative treatment measures previously employed.

17. On or about August 19, 2011, Plaintiff filed another grievance seeking surgical referral. But on or about September 7, 2011, that grievance was also denied and no surgical referral or other treatment of Plaintiff's chronic ankle pain was authorized.

18. In November 2011, Defendant Millard again noted in the record that Plaintiff continued to seek a surgical referral in an effort to alleviate his chronic ankle pain.

19. Defendant Obaisi saw Plaintiff again in December 2011 and despite Plaintiff's lack of progress and his request for surgical referral, Defendant continued the course of ineffective conservative treatment.

20. On March 1, 2012, Defendant Obaisi discussed Plaintiff's case with other non-examining, non-treating physicians affiliated with Defendant Wexford in what was termed, "a collegial discussion", where it was determined to again deny Plaintiff a surgical referral and continue the course of ineffective conservative treatment including "different forms of self physical therapy".

21. Defendant Obaisis saw Plaintiff again in June 2012 and again continued the course of ineffective conservative treatment including in spite of Plaintiff's lack of progress.

22. In August 2012, Defendant Obaisi transferred from Logan Correctional Center to another IDOC institution.

23. On or about August 27, 2012, Plaintiff was seen by Dr. Roderick Matticks at the Logan Correctional Center who referred Plaintiff to a podiatrist for further evaluation.

24. On or about September 28, 2012, Plaintiff was seen by Duane Brown, DPM. Dr. Brown acknowledged that Plaintiff's prior conservative treatment had not alleviated his chronic ankle pain and that if another month of more aggressive conservative treatment did not resolve his problem, he would be referred for surgery.

25. On or about October 26, 2012, Dr. Brown's office faxed a recommendation to Logan Correctional Center recommending a referral to an orthopedic surgeon for surgical evaluation.

26. Notwithstanding the recommendation of Dr. Brown, on October 31, 2012, Defendant Wexford, through its agents and employees including a Dr. Baker and a Dr. Haymes, denied the surgical referral and instead sent Plaintiff for a physical therapy evaluation to craft a "home exercise program".

27. Also on October 31, 2012, Defendant Millard noted the denial of the surgical referral and the recommendation for a physical therapy evaluation instead, and took no action.

28. On or about November 7, 2012, the physical therapist, Jodee Leonard, PT, at Abraham Lincoln Memorial Hospital, found, *inter alia*, significant muscle atrophy of the left gastrocnemius related to Achilles tendon pathology. She recommended referral of Plaintiff to an orthopedic surgeon. No such referral was made.

29. On December 5, 2012, Plaintiff was transferred to Menard Correctional Center.

30. At Menard Correctional Center, Plaintiff has continued to experience chronic ankle pain and disability, has continued to seek a surgical referral, and has continuously been denied a surgical referral by Defendant Wexford and its employees, agents, and contractors, notwithstanding the prior recommendations Plaintiff be sent for surgical intervention.

31. On January 16, 2014, Plaintiff's request for referral to a surgeon was again denied by employees, agents, and contractors of Defendant Wexford without explanation or justification.

32. As recently as May 8, 2014, Dr. John Trost, at Menard Correctional Center, recommended another podiatry referral for Plaintiff but on or about May 30, 2014, again that referral was denied by Defendant Wexford, through its agent Dr. Garcia, without explanation or justification.

33. Plaintiff has filed multiple grievances related to the allegations raised herein and the process for adjudicating those grievances has been exhausted to no avail.

**Count I**

Plaintiff complains against Defendant Obaisi as follows:

1. Plaintiff realleges paragraphs 1-33 of the general allegations above and paragraphs 1-33 of this Count I.

2. Deliberate indifference to a serious medical need violates an inmate's right under the Eighth Amendment of the Constitution of the United States to be free from cruel and unusual punishment.

3. By reason of his repeated examinations of Plaintiff and the X-Rays, Defendant Obaisi knew that Plaintiff had a serious medical need and consciously disregarded that need by failing to take reasonable measures to treat his condition and failed to refer him for surgical consultation.

4. Between December 8, 2010 and Defendant Obaisi's transfer to another facility in August 2012, Defendant Obaisi acted with deliberate indifference to a serious medical need of the Plaintiff by, *inter alia*;
    a. Failing or refusing to refer him to a surgical specialist,
    b. Persisting in a course of treatment known to be ineffective,
    c. Deferring his clinical judgment to non-treating medical and non-medical professionals at Defendant Wexford,
    d. Rendering treatment decisions constituting such a substantial departure from accepted professional judgment, practice, or standards that the treatment is not based on professional judgment,
    e. Otherwise failing to take reasonable measures to deal with Plaintiff's condition.

5. As a direct and proximate result of Defendant Obaisi's deliberate indifference to Plaintiff's serious medical need, Plaintiff was caused to and continues to suffer prolonged and unnecessary pain, difficulty functioning, and undue suffering.

WHEREFORE, Plaintiff prays for judgment in his favor, for an order compelling Defendants to afford him proper medical care including proper referral to a surgical specialist and, if warranted, surgery and post-surgical care, for money damages in an amount adequate to compensate him for his damages, for punitive damages, Attorney fees under 42 U.S.C.§ 1988 and for such other and further relief as this Court may deem proper.

**Count II**

Plaintiff complains against Defendant Millard as follows:

1. Plaintiff realleges paragraphs 1-33 of the general allegations above and paragraphs 1-33 of this Count II.

2. Deliberate indifference to a serious medical need violates an inmate's right under the Eighth Amendment of the Constitution of the United States to be free from cruel and unusual punishment.

3. By reason of her review of the medical records and grievances of the Plaintiff, Defendant Millard knew that Plaintiff had a serious medical need and consciously disregarded that need by failing to take reasonable measures to deal with it.

4. Between December 8, 2010 and Plaintiff's transfer to Menard in December 2012, Defendant Millard acted with deliberate indifference to a serious medical need of the Plaintiff by, *inter alia*;

    a. Deferring to Defendant Obaisi and Defendant Wexford when she knew or should have known that Plaintiff was receiving inappropriate and/or ineffectual care that offered no relief to his prolonged suffering,

    b. Knowingly turning a blind eye to the inappropriate and/or ineffectual care being given to Plaintiff that offered no relief to his prolonged suffering,

    c. Failing to follow applicable IDOC policies and procedures with respect to surgical referrals and specialty referrals of inmates whose clinical conditions require such care and with respect to review/appeal of denied clinical recommendations.

    d. Knowingly turning a blind eye to the failure of Co-Defendants Obaisi, Boyd and Wexford to follow applicable policies and procedures and the terms of the Wexford vendor contract with respect to surgical referrals and specialty referrals of inmates whose clinical conditions require such care and with respect to review/appeal of denied clinical recommendations.

5. As a direct and proximate result of Defendant Millard's deliberate indifference to Plaintiff's serious medical need, Plaintiff was caused to and continues to suffer prolonged and unnecessary pain, difficulty functioning, and undue suffering.

WHEREFORE, Plaintiff prays for judgment in his favor, for an order compelling Defendants to afford him proper medical care including proper referral to a surgical specialist and, if warranted, surgery and post-surgical care, for money damages in an amount adequate to compensate him for his damages, for punitive damages, Attorney fees under 42 U.S.C.§ 1988 and for such other and further relief as this Court may deem proper.

### Count III

Plaintiff complains against Defendant Boyd as follows:

1. Plaintiff realleges paragraphs 1-33 of the general allegations above and paragraphs 1-33 of this Count III.

2. Deliberate indifference to a serious medical need violates an inmate's right under the Eighth Amendment of the Constitution of the United States to be free from cruel and unusual punishment.

3. By reason of his review of the medical records and grievances of the Plaintiff, Defendant Boyd actually knew that Plaintiff had a serious medical need and

9

consciously disregarded that need by failing to take reasonable measures to deal with it.

4. Between December 8, 2010 and December 2012, Defendant Boyd acted with deliberate indifference to a serious medical need of the Plaintiff by, *inter alia*;

   a. Deferring to Defendant Obaisi and Defendant Wexford when he knew or should have known that Plaintiff was receiving inappropriate and/or ineffectual care that offered no relief to his prolonged suffering,

   b. Knowingly turning a blind eye to the inappropriate and/or ineffectual care being given to Plaintiff that offered no relief to his prolonged suffering,

   c. Failing to follow applicable IDOC policies and procedures with respect to surgical referrals and specialty referrals of inmates whose clinical conditions require such care and with respect to review/appeal of denied clinical recommendations.

   d. Knowingly turning a blind eye to the failure of Co-Defendants Obaisi, Millard and Wexford to follow applicable policies and procedures and the terms of the Wexford vendor contract with respect to surgical referrals and specialty referrals of inmates whose clinical conditions require such care and with respect to review/appeal of denied clinical recommendations.

5. As a direct and proximate result of Defendant Boyd's deliberate indifference to Plaintiff's serious medical need, Plaintiff was caused to and continues to suffer prolonged and unnecessary pain, difficulty functioning, and undue suffering.

WHEREFORE, Plaintiff prays for judgment in his favor, for an order compelling Defendants to afford him proper medical care including proper referral to a surgical specialist and, if

warranted, surgery and post-surgical care, for money damages in an amount adequate to compensate him for his damages, for punitive damages, Attorney fees under 42 U.S.C.§ 1988 and for such other and further relief as this Court may deem proper.

**Count IV**

Plaintiff complains against Defendant Wexford as follows:

1. Plaintiff realleges paragraphs 1-33 of the general allegations above and paragraphs 1-33 of this Count IV.
2. Deliberate indifference to a serious medical need violates an inmate's right under the Eighth Amendment of the Constitution of the United States to be free from cruel and unusual punishment.
3. By reason of the actions of its agents, contractors and employees, including the review of Plaintiff's medical records and collegial reviews of the recommendations of Plaintiff's treating providers, Defendant Wexford knew that Plaintiff had a serious medical need and consciously disregarded that need by failing to take reasonable measures to deal with it.
4. Between December 8, 2010 and the present, Defendant Wexford, through its agents, contractors and employees including but not limited to physicians and others involved in its utilization management, acted and continues to act with deliberate indifference to a serious medical need of the Plaintiff by, *inter alia*;
    a. Refusing to authorize and permit referral of Plaintiff to a surgical specialist;
    b. Refusing to authorize and permit Plaintiff to undergo surgery that has been recommended by his treating providers,

11

c. Forcing Plaintiff's physicians to persist in a course of treatment known to be ineffective,

d. Failing to follow its own policies and procedures with respect to surgical referrals and specialty referrals of inmates whose clinical conditions require such care and with respect to review/appeal of denied clinical recommendations.

e. Failing to follow the terms of its vendor contract with the State of Illinois with respect to surgical referrals and specialty referrals of inmates whose clinical conditions require such care, and with respect to review/appeal of denied clinical recommendations.

f. Usurping the authority and clinical judgment of Plaintiff's treating physicians by overruling and repeatedly denying recommendations for surgical referrals in favor of futile conservative measures determined by non-examining, non-treating providers.

g. Through its agents, employees, and contractors, rendering treatment decisions constituting such a substantial departure from accepted professional judgment, practice, or standards that the treatment is not based on professional judgment,

h. Otherwise failing to take reasonable measures to deal with Plaintiff's condition.

5. As a direct and proximate result of Defendant Wexford's deliberate indifference to Plaintiff's serious medical need, Plaintiff was caused to and continues to suffer prolonged and unnecessary pain, difficulty functioning, and undue suffering.

WHEREFORE, Plaintiff prays for judgment in his favor, for an order compelling Defendants to afford him proper medical care including proper referral to a surgical specialist and, if

warranted, surgery and post-surgical care, for money damages in an amount adequate to compensate him for his damages, for punitive damages, Attorney fees under 42 U.S.C.§ 1988 and for such other and further relief as this Court may deem proper.

**Jury Demand**

Plaintiff demands a trial by jury on all counts herein.

By: s/THOMAS J. PLIURA
Donald E. Beard, Jr., Plaintiff by
Thomas J. Pliura, M.D., J.D., his attorney

Thomas J. Pliura, M.D., J.D.
P.O. Box 130
LeRoy, IL 61752
Telephone: (309)962-2299
Fax: (309)962-4646
tom.pliura@zchart.com

**CERTIFICATE OF SERVICE**

State of Illinois   )
                    )
County of McLean    )

    The undersigned attorney states and says that he served the foregoing Document upon the individual(s) listed below via the court's CM/ECF system to:

    Jennifer M. Lutzke
    Assistant Attorney General
    Office of the Attorney General
    500 South Second Street
    Springfield, Illinois 62706

    Douglass R Bitner
    Michael T Kokal
    HEYL, ROYSTER, VOELKER & ALLEN
    Suite 575, PNC Bank Building
    1 North Old State Capitol Plaza
    P.O. Box 1687
    Springfield, IL 62705-1687


on the 27th day of June, 2014.

                                          By: s/THOMAS J. PLIURA
                                          Thomas J. Pliura,
                                          Attorney for Plaintiff
                                          Law Offices of Thomas J. Pliura, M.D., J.D.
                                          P.O. Box 130
                                          LeRoy, IL 61752
                                          Telephone:  (309)962-2299
                                          Fax:  (309)962-4646
                                          tom.pliura@zchart.com