IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| DONALD E. BEARD, JR. #R-23756, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 11-3360 |
| ) | |
| DR. OBAISI, MICHELLE MILLARD, and ) | |
| RODNEY BOYD, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Now come defendants, MICHELLE MILLARD and RODNEY BOYD, by and through their attorney, Lisa Madigan, and hereby file the instant Answer and Affirmative Defenses, stating as follows:

**Parties**

1. Admit.

2. Admit.

3. Defendants admit that Defendant Millard was the director of nursing at Logan Correctional Center, and involved in responding to inmate grievances concerning medical care. However, it is unclear what is meant by the term "clinical care of inmates," and as a result, Defendant Millard denies this allegation.

4. Defendants admit that Defendant Boyd was the clinical services director and involved in responding to inmate grievances, but deny that he provided medical care to inmates or has any medical training.

5. Admit.

1

## Venue

6. Admit.

## Jurisdiction

7. Admit.

## Common Factual Allegations

8. Admit.

9. Defendants lack sufficient knowledge to admit or deny and as such, deny same.

10. Admit.

11. Defendants admit that Dr. Obaisi ordered an x-ray for Plaintiff's ankle, prescribed pain medication, but denies this paragraph accurately and fully states all the medical treatment provided by Dr. Obaisi.

12. Defendants state that the x-ray reports speak for themselves and deny that this paragraph accurately reflects a complete copy of the x-ray reports.

13. Defendants admit that Plaintiff filed a grievance on January 28, 2011. As to the remaining allegations of this paragraph, Defendants lack sufficient knowledge to admit or deny the allegations of this paragraph, and as such, deny same.

14. Defendants admit that the medical records reflect that Plaintiff was seen by Dr. Obaisi in February 2011. As to the remaining allegations of this paragraph, Defendants lack knowledge sufficient to form a belief as to the truth of the matter asserted and therefore deny same.

15. Defendants admit that Plaintiff filed a grievance on April 26, 2011 regarding medical treatment to his ankle. Defendants admit that Defendant Millard responded to Plaintiff's grievance. Defendants further admit that in responding to Plaintiff's grievance Defendant

Millard reviewed Plaintiff's medical records, and provided information concerning the medical records to the grievance officer. As to the remaining allegations of this paragraph, Defendants deny same.

16. Defendants lack knowledge sufficient to form a belief as to the truth of the matter asserted and therefore deny same.

17. Defendants admit that Plaintiff appealed denial of a grievance to the ARB on August 19, 2011, but deny that Plaintiff filed a grievance on that day as no grievance could be located in Plaintiff's masterfile. As to the remaining allegations of this paragraph, Defendants lack sufficient knowledge to admit or deny as it unclear whether Plaintiff is referring to the appealed grievance or not, and as such, deny the remaining allegations of this paragraph.

18. Defendants admit that Defendant Millard made a note regarding a memo received from a nurse practitioner indicating that Plaintiff wanted an ortho consult, and as a result, Plaintiff was placed on MD line.

19. Defendants lack knowledge sufficient to form a belief as to the truth of the matter asserted and therefore deny same.

20. Defendants lack knowledge sufficient to form a belief as to the truth of the matter asserted and therefore deny same.

21. Defendants lack knowledge sufficient to form a belief as to the truth of the matter asserted and therefore deny same.

22. Defendants lack knowledge sufficient to form a belief as to the truth of the matter asserted and therefore deny same.

23. Defendants lack knowledge sufficient to form a belief as to the truth of the matter asserted and therefore deny same.

24. Defendants lack knowledge sufficient to form a belief as to the truth of the matter asserted and therefore deny same.

25. Defendants lack knowledge sufficient to form a belief as to the truth of the matter asserted and therefore deny same.

26. Defendants lack knowledge sufficient to form a belief as to the truth of the matter asserted and therefore deny same.

27. Defendants deny the allegations of this paragraph.

28. Defendants lack knowledge sufficient to form a belief as to the truth of the matter asserted and therefore deny same.

29. Admit.

30. Defendants lack knowledge sufficient to form a belief as to the truth of the matter asserted and therefore deny same.

31. Defendants lack knowledge sufficient to form a belief as to the truth of the matter asserted and therefore deny same.

32. Defendants lack knowledge sufficient to form a belief as to the truth of the matter asserted and therefore deny same.

33. Defendants lack knowledge sufficient to form a belief as to the truth of the matter asserted and therefore deny same.

**Count I**

Defendants Millard and Boyd make no response to Count I as it is not directed towards these Defendants. To the extent a response is required, Defendants deny same unless it is inconsistent with Defendants' responses in other portions of their Answer.

**Count II**

1. Defendants reassert and reincorporate their responses to paragraphs 1-33 of the general allegations above for this response to the allegations of paragraph 1 of Count II. Although it is unclear what is meant by paragraphs 1-33 of Count II, to the extent it suggests wrongdoing on part of Defendants, Defendants deny same.

2. Defendants deny the allegations of paragraph 2 of Count II.

3. Defendants deny the allegations of paragraph 3 of Count II.

4. Defendants deny the allegations of paragraph 4 of Count II.

5. Defendants deny the allegations of paragraph 5 of Count II.

**Count III**

1. Defendants reassert and reincorporate their responses to paragraphs 1-33 of the general allegations above for this response to the allegations of paragraph 1 of Count III. Although it is unclear what is meant by paragraphs 1-33 of Count III, to the extent it suggests wrongdoing on part of Defendants, Defendants deny same.

2. Defendants deny the allegations of paragraph 2 of Count III.

3. Defendants deny the allegations of paragraph 3 of Count III.

4. Defendants deny the allegations of paragraph 4 of Count III.

5. Defendants deny the allegations of paragraph 5 of Count III.

## Count IV

Defendants Millard and Boyd make no response to Count IV as it is not directed towards these Defendants. To the extent a response is required, Defendants deny same unless it is inconsistent with Defendants' responses in other portions of their Answer.

## JURY DEMANDED

Defendants demand a trial by jury in this matter.

## RELIEF REQUESTED

Defendants deny that Plaintiff is entitled to any relief whatsoever.

## AFFIRMATIVE DEFENSES

1) At all times relevant herein, Defendants acted in good faith in the performance of their official duties and without violating Plaintiff's clearly established statutory or constitutional rights of which a reasonable person would have known. Defendants are therefore protected from suit by the doctrine of qualified immunity.

2) To the extent Plaintiff seeks damages from Defendants in their official capacity, Defendants are protected from liability by the Eleventh Amendment.

3) To the extent that Plaintiff requests injunctive/declaratory relief, Plaintiff's claims are barred by Sovereign Immunity, Eleventh Amendment and the Prison Litigation Reform Act.

4) Plaintiff is barred from recovery for mental or emotional injuries without a prior showing of physical injury. 42 U.S.C. § 1997e(e).

5) Plaintiff's claims for injunctive relief are moot as a result of his transfer to Menard Correctional Center.

WHEREFORE, for the above and foregoing reasons, the Defendants request this Honorable Court deny the relief requested in Plaintiff's First Amended Complaint.

Respectfully Submitted,

MICHELLE MILLARD and RODNEY BOYD,

Defendants,

LISA MADIGAN, Attorney General
State of Illinois,

Attorney for Defendants,

By: s/ Jennifer M. Lutzke
    Jennifer M. Lutzke, #6299388
    Assistant Attorney General
    500 South Second Street
    Springfield, Illinois 62706
    Phone: (217) 782-9014
    Fax: (217) 524-5091
    E-Mail: jlutzke@atg.state.il.us

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION**

| | |
|---|---|
| DONALD E. BEARD, JR. #R-23756, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 11-3360 |
| ) | |
| DR. OBAISI, MICHELLE MILLARD, and ) | |
| RODNEY BOYD, ) | |
| ) | |
| Defendants. ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on August 14, 2014, I electronically filed the foregoing *Defendants' Answer to Plaintiff's First Amended Complaint* with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Douglass R. Bitner    dbitner@heylroyster.com
Michael T Kokal    mkokal@heylroyster.com
Attorneys for Co-Defendants

Thomas J Pliura    tom.pliura@zchart.com
Attorney for Plaintiff

Respectfully Submitted,
 s/ Jennifer M. Lutzke
Jennifer M. Lutzke, #6299388
Assistant Attorney General
Office of the Illinois Attorney General
General Law Bureau
500 South Second Street
Springfield, Illinois  62706
Phone: (217) 782-9014
Fax: (217) 524-5091
E-Mail:  jlutzke@atg.state.il.us