# UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT



Everett McKinley Dirksen United States Courthouse
Room 2722 - 219 S. Dearborn Street
Chicago, Illinois 60604

Office of the Clerk
Phone: (312) 435-5850
www.ca7.uscourts.gov

## NOTICE OF ISSUANCE OF MANDATE

September 12, 2018

To:  Denise Koester
     UNITED STATES DISTRICT COURT
     Central District of Illinois
     United States Courthouse & Federal Building
     Springfield , IL 62701-0000

| No. 16-1763 | DONALD E. BEARD, JR.,<br>Plaintiff - Appellant<br><br>v.<br><br>WEXFORD HEALTH SOURCES, INCORPORATED,<br>Defendant - Appellee |
|---|---|
| **Originating Case Information:** ||
| District Court No: 3:11-cv-03360-CSB<br>Central District of Illinois<br>District Judge Colin S. Bruce ||

Herewith is the mandate of this court in this appeal, along with the Bill of Costs, if any. A certified copy of the opinion/order of the court and judgment, if any, and any direction as to costs shall constitute the mandate.

RECORD ON APPEAL STATUS:        No record to be returned

NOTE TO COUNSEL:

If any physical and large documentary exhibits have been filed in the above-entitled cause, they are to be withdrawn ten (10) days from the date of this notice. Exhibits not withdrawn during this period will be disposed of.

Please acknowledge receipt of these documents on the enclosed copy of this notice.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Received above mandate and record, if any, from the Clerk, U.S. Court of Appeals for the Seventh Circuit.

**Date:**

9/12/2018

**Received by:**

s/K. England

_____

form name: **c7_Mandate**(form ID: **135**)

# In the
# United States Court of Appeals
## For the Seventh Circuit

No. 16-1763

DONALD E. BEARD, JR.,

*Plaintiff-Appellant*,

*v.*

WEXFORD HEALTH SOURCES, INC.,

*Defendant-Appellee*.

Appeal from the United States District Court
for the Central District of Illinois.
No. 11-CV-3360 — **Colin Stirling Bruce**, *Judge*.

ARGUED OCTOBER 30, 2017 — DECIDED AUGUST 21, 2018

Before WOOD, *Chief Judge*, and BAUER and EASTERBROOK, *Circuit Judges*.

EASTERBROOK, *Circuit Judge*. Wexford Health Sources provides medical care to inmates in Illinois's prisons. Donald Beard, Jr., an inmate, experiences chronic ankle pain. In December 2010 he consulted with his prison's doctors about managing his condition. Beard wanted surgery, but the doctors ordered conservative treatment. When Beard's pain persisted, the doctors considered referring Beard for surgical

evaluation, a step that requires Wexford's approval. It rejected the doctors' requests for surgical evaluation, though it authorized Beard to see a podiatrist in September 2012 and an orthopedist in January 2015.

Beard filed a *pro se* complaint in September 2011. He alleged that members of the prison's medical staff and administrative team were deliberately indifferent to his serious medical need in violation of the Eighth Amendment (applied to the states through the Fourteenth), and he sought damages plus injunctive relief. The district court recruited counsel, who added Wexford as a defendant and stipulated to the dismissal of the individual defendants. Beard presented his case against Wexford to a jury, which awarded him $10,000 in compensatory damages and $500,000 in punitive damages.

Wexford persuaded the judge that the punitive-damages award violates the Fourteenth Amendment's prohibition on excessive or arbitrary punishment. The judge reduced punitive damages to $50,000. Initially he offered Beard a choice between retrying the issue of punitive damages and accepting the reduced award but later withdrew the option and entered a judgment that awarded only $50,000 in punitive damages (plus the jury's compensatory award).

Beard's first argument on appeal is that the district court improperly prevented him from presenting an additional theory of liability. Beard convinced the jury to find Wexford directly liable; he contends that he should have been allowed to argue that Wexford also is *vicariously* liable for its doctors' violations of his constitutional rights. Beard maintains that *Iskander v. Forest Park*, 690 F.2d 126 (7th Cir. 1982), which

stopped him from pursuing vicarious liability, should be overruled.

*Monell v. Department of Social Services*, 436 U.S. 658 (1978), holds that a municipal corporation cannot be vicariously liable if its employees deprive others of their civil rights. *Iskander* treats private corporations the same way, when their liability depends on performing governmental functions. Beard maintains that *Monell* should be limited to governmental litigants. But Beard has not explained how *Iskander* harmed him. We asked Beard's counsel what additional damages he would have sought if Wexford could be found vicariously liable. He did not point to any. So we need not decide whether *Iskander* should be overruled; anything we say about the subject would be advisory.

Beard also contends that the district court erred in reducing the jury's award of punitive damages without offering him a new trial. Punitive damages punish blameworthy behavior and deter defendants from committing future bad acts—the more reprehensible a defendant's conduct and the more easily a defendant can conceal violations, the higher the punitive damages. See, e.g., *Zazú Designs v. L'Oréal, S.A.*, 979 F.2d 499, 508 (7th Cir. 1992). But excessive punitive-damages awards violate the Due Process Clause. See, e.g., *State Farm Mutual Automobile Insurance Co. v. Campbell*, 538 U.S. 408 (2003); *BMW of North America, Inc. v. Gore*, 517 U.S. 559 (1996). The Justices have instructed courts to review whether an award of punitive damages exceeds the Due Process Clause's bounds by considering the reprehensibility of the defendant's conduct, the ratio between punitive and compensatory damages, and any civil penalties that punish similar behavior. See, e.g., *BMW of North America*, 517 U.S. at

574–75. Applying these guideposts to the jury's verdict, the district court concluded that an award of punitive damages equal to fifty times compensatory damages violates the Due Process Clause and must be reduced. The district court's decision is consistent with the Supreme Court's caution that "few awards exceeding a single-digit ratio between punitive and compensatory damages, to a significant degree, will satisfy due process." *State Farm*, 538 U.S. at 425.

So far, so good. But even taking the Court's caution about single-digit ratios as a rule, the district court had nine single digits (and an infinite number of fractions) from which to choose. From these options, the court selected: five. It concluded that, because a ratio of five to one "better matches the reprehensibility of Wexford's conduct, the actual harm suffered by [Beard], and the need for deterrence and punishment of Wexford", a punitive-damages award in excess of $50,000 would offend the Due Process Clause. It also decided that the Seventh Amendment did not require it to offer Beard the option of a new trial before it entered judgment on the reduced award.

The decision to limit punitive damages to five times compensatory damages was arbitrary—why the district court chose a multiplier of five, rather than seven, or three, or nine and one-half, it did not say. But because the Justices have declined to reduce the relation between compensatory and punitive damages to a formula, any ratio the district court chose would have been arbitrary, though doubtless influenced by an appreciation of the case's facts. See *Mathias v. Accor Economy Lodging, Inc.*, 347 F.3d 672, 678 (7th Cir. 2003). See also *State Farm*, 538 U.S. at 424–25; *BMW of North America*, 517 U.S. at 582–83. So the prudent course when a

district court reduces a punitive-damages award is to offer the plaintiff a choice between the reduced award and a new trial, for the jury rather than the judge has the principal responsibility for factual evaluations. If the plaintiff opts for a new trial, the jury plays its traditional role. And if the plaintiff accepts the reduced award—after all, there's no guarantee that a second jury will award any punitive damages—then the plaintiff has willingly forgone the jury option. Either way, the jury participates in the process of applying the law to the facts, cf. *Pacific Mutual Life Insurance Co. v. Haslip*, 499 U.S. 1, 15–18 (1991), and the court plays its part by policing the range of constitutionally acceptable awards. See *Mathias*, 347 F.3d at 678.

Instead of following that course and offering Beard the option of a new trial, however, the district court entered an amended judgment awarding Beard exactly $50,000 in punitive damages. Doing so was a procedural misstep, which calls for a procedural solution: the district court's judgment must be vacated and the case remanded for the court to offer Beard the option of a new trial on damages.

In remanding for the district court to follow prudent procedure, we do not decide whether the Seventh Amendment prohibited the court from unilaterally reducing Beard's award on constitutional grounds. See, e.g., *Ross v. Kansas City Power & Light Co.*, 293 F.3d 1041, 1049–50 (8th Cir. 2002); *Johansen v. Combustion Engineering, Inc.*, 170 F.3d 1320, 1330–33 (11th Cir. 1999). But see, e.g., *Thomas v. iStar Financial, Inc.*, 652 F.3d 141, 146–47 (2d Cir. 2011); *Southern Union Co. v. Irvin*, 563 F.3d 788, 792–93 & n.4 (9th Cir. 2009). The Justices have not resolved that issue, and the district court should not have addressed it either. Neither party asked the district

court to decide whether the Seventh Amendment allows a judge to reduce punitive damages without offering a new trial as an alternative. The district court created a constitutional issue by taking a step neither party requested: though Beard and Wexford disputed whether Beard should have the option of a new trial on *both* compensatory and punitive damages, Wexford never asked the district court to reduce Beard's award without offering him any choice at all. Courts must avoid unnecessary constitutional adjudication, see, e.g., *Spector Motor Service, Inc. v. McLaughlin*, 323 U.S. 101, 104–05 (1944), and whether the Seventh Amendment prohibits a judge from reducing punitive damages on constitutional grounds without offering a new trial is a question the district court did not need to answer. Beard must be given the option of a new trial as a matter of sound procedure, not constitutional law.

If Beard chooses a new trial, the jury must be allowed to consider both compensatory and punitive damages. Cf. *Gasoline Products Co. v. Champlin Refining Co.*, 283 U.S. 494, 500 (1931). The constitutional limit on punitive damages depends on the reprehensibility of the defendant's conduct and the ratio between compensatory and punitive damages. See, e.g., *BMW of North America*, 517 U.S. at 574–75. Because compensatory and punitive damages are correlated, they must be considered jointly. But a second jury need not reconsider Wexford's liability. Damages and liability present distinct issues, and the jury's award does not suggest that it held Wexford liable based on passion or prejudice or otherwise disobeyed the district court's instructions. See *Cobige v. Chicago*, 651 F.3d 780, 785 (7th Cir. 2011).

Though we remand to correct the district court's procedural mistake, Beard asks that we also decide whether he is entitled to punitive damages exceeding five times the compensatory award. When a plaintiff challenges both the procedure and substance of a district court's decision to reduce an award of punitive damages, procedural errors do not stop us from evaluating whether the reduction was otherwise proper. See *Adams v. Chicago*, 798 F.3d 539 (7th Cir. 2015). See also *Ash v. Georgia-Pacific Corp.*, 957 F.2d 432, 438 (7th Cir. 1992). But in *Adams* the district court reduced the jury's award because it lacked evidentiary support; the panel in *Adams* could evaluate the substance of the district court's opinion without making a constitutional decision. That's not true here: because the district court held that the jury's award of punitive damages violated the Due Process Clause, reviewing the merits of the district court's decision to cap punitive damages at five times compensatory damages would require unnecessary constitutional analysis, which is to be avoided. *Spector Motor Service*, 323 U.S. at 104–05.

And not only by us. The parties assume that only the Constitution limits a jury's award of punitive damages. Their appellate briefs dispute whether the jury's award violates the Due Process Clause and cite cases such as *State Farm*, *BMW of North America*, and *Mathias*. Yet because those cases arose under state law the Constitution imposes the only federal restraint. Beard's complaint arises under a federal statute. As a result, *State Farm*, *BMW of North America*, and *Mathias* matter only if the Due Process Clause is the least upper bound on an award of punitive damages under §1983. See *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 501–03 (2008); *Perez v. Z Frank Oldsmobile, Inc.*, 223 F.3d 617, 625 (7th Cir. 2000).

The Supreme Court has not addressed whether there is a nonconstitutional limit on punitive-damages awards under §1983. But in *Exxon Shipping* it concluded that a jury's award of punitive damages in admiralty cannot exceed compensatory damages as a matter of federal law. The Justices derived the limit by taking the median of the ratio of compensatory to punitive damages in verdicts actually issued by juries. See 554 U.S. at 512–14. Cases such as *Smith v. Wade*, 461 U.S. 30 (1983), *Howlett v. Rose*, 496 U.S. 356 (1990), and *Browning-Ferris Industries of Vermont, Inc. v. Kelco Disposal, Inc.*, 492 U.S. 257, 278 (1989), imply that, if there is a nonconstitutional limit on punitive damages in suits under §1983, it is also supplied by a uniform federal rule, not the law of the forum state. See, e.g., *Wilson v. Garcia*, 471 U.S. 261 (1985); *United States v. Kimbell Foods, Inc.*, 440 U.S. 715 (1979). But none of these cases tells us how the limit should be derived.

Courts could follow the Supreme Court's approach in admiralty and establish a nonconstitutional limit on punitive-damages awards under §1983 empirically. In *Exxon Shipping*, however, the Justices sat as "a common law court of last review". 554 U.S. at 507. Section 1983 is a statute, so any nonconstitutional cap derived by courts also must respect the limits on punitive damages chosen by Congress. See *Kunz v. DeFelice*, 538 F.3d 667, 678–79 (7th Cir. 2008).

The text of §1983 does not mention punitive damages. So the Justices have looked to the common law to fashion rules for awarding punitive damages under §1983, just as they have looked to the common law to establish rules of absolute and qualified immunity. See *Smith*, 461 U.S. at 34. When §1983 was enacted in 1871, many states did not impose bright-line caps on punitive damages; juries had considera-

ble discretion in awarding them. See, e.g., *Williamson v. Western Stage Co.*, 24 Iowa 171, 172 (1867); *Schneider v. Hosier*, 21 Ohio St. 98, 113 (1871); *Myers v. San Francisco*, 42 Cal. 215, 217 (1871). And because verdicts and written decisions often awarded total amounts rather than separating compensatory and punitive damages, see, e.g., *Dalton v. Beers*, 38 Conn. 529, 531 (1871), it is difficult to determine at what point courts considered punitive-damages awards excessive. Nor does a single method of limiting punitive damages prevail among the states today. By our count (and with some simplifications), twenty-nine states impose a generally applicable cap on punitive damages. Some rely on ratios, see, e.g., Alaska Stat. §09.17.020(f) (ratio of 3 to 1); Colo. Rev. Stat. §13-21-102(1)(a) (ratio of 1 to 1); and others on dollar caps or formulas, see, e.g., Va. Code §8.01-38.1 ($350,000 cap); Kan. Stat. §60-3701(e) (limit depends on defendant's annual gross income); twenty-one states impose no generally applicable limit on punitive-damages awards. Fashioning a uniform federal rule from the states' diverse approaches is not an attractive prospect. See *Exxon Shipping*, 554 U.S. at 509–11.

Because state law does not provide a clear limit that could be adopted as a matter of federal common law, courts could consider how other federal laws handle damages that exceed the compensatory amount. Congress has capped supplemental awards at twice compensatory damages in antitrust (15 U.S.C. §15), racketeering (18 U.S.C. §1964(c)), and patent law (35 U.S.C. §284), and at compensatory damages for violations of the Fair Labor Standards Act (29 U.S.C. §216(b)). This might suggest that punitive-damages awards under §1983 also should be limited to treble damages or less. We have not found any federal statute that authorizes a multiplier greater than three, though some statutes establish dol-

lar limits in lieu of multipliers. For example, 42 U.S.C. §1981a(b)(3) sets a limit for the combination of punitive and certain compensatory damages that runs from $50,000 to $300,000, depending on the defendant's number of employees.

We need not choose which of these options is best. We raise the subject only to call attention to it so that statutory decisions precede constitutional adjudication. Both legal and factual issues are open on remand.

Because we vacate the judgment and remand for the district court to offer Beard the choice between a reduced punitive-damages award and a new trial limited to damages, we also vacate the award of attorney's fees and costs. Until we know whether Beard prefers to take his chances on a new trial (and, if he does, the measure of his success), saying anything about fees would be premature. See *Hensley v. Eckerhart*, 461 U.S. 424 (1983). Still, we remind the district court that any award of attorney's fees must comply with *Murphy v. Smith*, 138 S. Ct. 784 (2018).

VACATED AND REMANDED

CERTIFIED COPY

A True Copy
Teste:

_____
Deputy Clerk
of the United States
Court of Appeals for the
Seventh Circuit

## UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT



Everett McKinley Dirksen United States Courthouse
Room 2722 - 219 S. Dearborn Street
Chicago, Illinois 60604

Office of the Clerk
Phone: (312) 435-5850
www.ca7.uscourts.gov

**FINAL JUDGMENT**

August 21, 2018

Before:     DIANE P. WOOD, Chief Judge
            WILLIAM J. BAUER, Circuit Judge
            FRANK H. EASTERBROOK, Circuit Judge

| No. 16-1763 | DONALD E. BEARD, JR., Plaintiff - Appellant<br><br>v.<br><br>WEXFORD HEALTH SOURCES, INC., Defendant - Appellee |
|---|---|
| **Originating Case Information:** ||
| District Court No: 3:11-cv-03360-CSB<br>Central District of Illinois<br>District Judge Colin Stirling Bruce ||

The judgment of the District Court is **VACATED** and **REMANDED**, in accordance with the decision of this court entered on this date. Beard recovers costs.

CERTIFIED COPY
A True Copy
Teste:

_____
Deputy Clerk
of the United States
Court of Appeals for the
Seventh Circuit

form name: **c7_FinalJudgment**(form ID: **132**)